UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SOLAR STAMPING &
MANUFACTURING, LLC,

    Debtor.
_____/

STUART A. GOLD, TRUSTEE,

    Plaintiff,

v.

DOBDAY MANUFACTURING CO., INC.,

    Defendant.
_____/

Case No. 08-13433
Hon. Gerald E. Rosen

Bankr. Case No. 07-57127
Chapter 7
Hon. Thomas J. Tucker

Adv. Proceeding No. 08-4656

## ORDER DENYING DEFENDANT'S
## MOTION TO WITHDRAW THE REFERENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    September 10, 2008   

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

     Through the present motion filed on August 7, 2008, Defendant Dobday Manufacturing Co., Inc. requests that this Court withdraw the reference of the above-captioned adversary proceeding to the Bankruptcy Court. In support of this requested relief, Defendant cites its demand for a jury trial, and states that it is unwilling to consent

to the Bankruptcy Judge conducting any eventual jury trial in this case.  For the reasons stated briefly below, the Court denies this motion as premature, but without prejudice to Defendant's right to seek similar relief if warranted at a later point in this proceeding.

Congress has authorized the federal district courts to refer "any or all" bankruptcy-related proceedings to the bankruptcy judges for their districts.  28 U.S.C. § 157(a).  In this District, such matters are automatically referred pursuant to Local Rule 83.50(a)(1). Congress has further provided, however, that this Court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court] . . . , on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).[1]  Accordingly, the disposition of the present motion turns upon whether Defendant has shown "cause" for withdrawing the reference of the above-captioned adversary proceeding.

In conducting this inquiry, "the courts have acknowledged . . . [a] congressional intent to have bankruptcy proceedings adjudicated in the bankruptcy court unless rebutted by a contravening policy."  *Hunderup v. Fesmire (In re Southern Industrial Mechanical Corp.),* 266 B.R. 827, 831 (W.D. Tenn. 2001).  Local Rule 83.50(a)(1) of this District reflects a similar preference, expressing the District Court's intention "to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction."  Defendant, as the moving party, bears "the burden of showing the existence of . . . unusual circumstances" or a "substantial reason" that warrants

---

[1]Although § 157(d) also provides for mandatory withdrawal in some circumstances, Defendant does not argue that this mandatory provision applies here.

2

withdrawal of the reference.  *Hunderup,* 266 B.R. at 834.

As noted, Defendant's effort to meet this burden rests solely upon its demand for a jury trial.  This plainly may supply "cause" for withdrawing a reference, because a Bankruptcy Court cannot conduct a jury trial, at least under the law of this Circuit (and most others).  *See Rafoth v. National Union Fire Ins. Co. (In re Baker & Getty Financial Servs., Inc.),* 954 F.2d 1169, 1172-73 (6th Cir. 1992); *see also Wilhelm Karmann GmbH v. Dura Convertible Systems, Inc. (In re Collins & Aikman Corp.),* No. 06-11512, 2006 U.S. Dist. LEXIS 39669, at *3 (E.D. Mich. June 15, 2006)  This limitation may be waived with "the express consent of all the parties," 28 U.S.C. § 157(e), but Defendant states in the present motion that it has not given such consent.

Nonetheless, while Defendant's jury demand might well provide a basis for the eventual withdrawal of this proceeding from the purview of the Bankruptcy Court, this Court declines to do so at this juncture.  The present motion was brought near the outset of this adversary proceeding, concurrently with Defendant's filing of its answer to the complaint.  Thus, it remains possible that this case will not "reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit."  *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1102 (2d Cir. 1993).

Given these and other contingencies, this and other courts have reasoned that the better practice is to "permit[] the Bankruptcy Judge to manage the pre-trial phase of the litigation, with this Court revisiting the matter of withdrawal if and when the case is ready

3

for trial." *Wilhelm Karmann,* 2006 U.S. Dist. LEXIS 39669, at *3; *see also Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.),* 136 B.R. 59, 61 (S.D.N.Y. 1992); *Auto Specialties Mfg. Co. v. Sachs (In re Auto Specialties Mfg. Co.),* 134 B.R. 227, 229 (W.D. Mich. 1990). The Court sees no reason to deviate from this usual practice here.[2]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's August 7, 2008 motion to withdraw the reference is DENIED, without prejudice to Defendant's opportunity to seek similar relief at a later stage of this proceeding.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 10, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 10, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

---

[2] In determining that the present motion is premature, the Court recognizes that the local bankruptcy rules of this District require such a motion to be filed "concurrently with the filing of the jury demand," and that a party who fails to do so is "deemed to have consented to the bankruptcy judge conducting the jury trial." Local Rule 9015-1, U.S. Bankruptcy Court for the Eastern District of Michigan. Through the present filing, Defendant evidently has complied with this local rule, thereby preserving its opportunity to renew its request for withdrawal at the appropriate time.

4